IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN MARTINEZ WARE,

        Plaintiff,

vs.                         Case No. 19-3181-SAC

BRIAN COLE, et al.,

        Defendants.

## **O R D E R**

Plaintiff has filed a pro se complaint pursuant to 42 U.S.C. § 1983. He is a prisoner at the El Dorado Correctional Facility and was previously housed by the Shawnee County Department of Corrections. This case is before the Court to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the Court to "supply additional factual allegations to round out a

1

plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. Screening standards

Title 28 United State Code Section 1915A requires the Court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. The Court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).

The Court, however, will not accept broad allegations which lack sufficient detail to give fair notice of what plaintiff's

2

claims are.  Nor is the court obliged to accept allegations which amount to legal conclusions as opposed to facts.  Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.  Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

III. The complaint

Plaintiff alleges that in April 2019 while he was incarcerated by the Shawnee County Department of Corrections, he was involved in a physical altercation with two other parties.  Seven to ten correctional officers arrived and broke up the fight.  Plaintiff and the other persons fighting were handcuffed and placed on the floor face down.  Plaintiff alleges that the officers were escorting one of the individuals whose name is McClaughlen[1] out of the module and stopped for some reason when he was close to plaintiff who was still on the floor.  Plaintiff claims that McClaughlen kicked plaintiff in the head with extreme force causing pain, lingering headaches, and permanent damage.  Plaintiff blames this on defendants' "carelessness."  Doc. No. 1, p. 4.

Plaintiff has named Brian Cole, the Director of the Shawnee County Corrections Department, as a defendant.  Plaintiff has also named two correctional officers as defendants:  Lt. Loneberg and

---

[1] Plaintiff is not certain that "McClaughlen" is spelled correctly.

3

Officer Rhoads. Plaintiff does not describe any specific action or failure to act by defendant Cole. He states that defendant Rhoads handcuffed plaintiff and that defendant Loneberg handcuffed McClaughen. Plaintiff does not identify the officers who escorted McClaughen out and then stopped so near plaintiff that McClaughen had the opportunity to kick plaintiff.

IV. Section 1983 standards

A plaintiff bringing a § 1983 claim must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Bruner v. Baker, 506 F.3d 1021, 1025-26 (10th Cir. 2007)(internal quotation marks omitted). To bring a claim under § 1983, a plaintiff must allege a causal connection, i.e., that the defendants "set in motion a series of events that caused the constitutional violation." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 779 (10th Cir. 2013). It is not enough that a defendant acted in a supervisory capacity when another defendant violated a plaintiff's constitutional rights. Keith v. Koerner, 843 F.3d 833, 838 (10th Cir. 2016). Plaintiff's allegations must plausibly demonstrate that there was an affirmative link between the supervisor and the constitutional violation. Id. This requires allegations showing: 1) personal involvement; 2) causation; and 3) state of mind (deliberate indifference). Id. It is well

4

established that negligence is not a basis for liability under § 1983; liability must be predicated upon a deliberate deprivation of constitutional rights. Jones v. Salt Lake County, 503 F.3d 1147, 1163 (10th Cir. 2007); Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007); McDaniels v. McKinna, 96 Fed.Appx. 575, 580 (10th Cir. 2004)(failure to protect claim); Smith v. Miller, 2019 WL 2103122 *2 (D.Kan. 5/14/2019).

V. Plaintiff's complaint fails to state a claim.

Plaintiff's complaint fails to state a plausible claim under § 1983 for two reasons. First, plaintiff does not allege that a defendant acted or failed to act in a manner that caused plaintiff to be injured. Plaintiff does not allege that defendants Rhoads and Loneberg were escorting McClaughen when he kicked plaintiff. Nor does plaintiff allege that defendant Cole had any involvement which caused the injuries plaintiff suffered.

Second, plaintiff alleges negligence or carelessness. He does not allege facts which plausibly demonstrate that a defendant was deliberately indifferent to the risk of injury to plaintiff. To be deliberately indifferent, an official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "The official's knowledge of the risk need not be knowledge of a substantial risk to a particular inmate, or knowledge of the particular manner in which

5

the injury might occur." Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008). "An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation." Id. Plaintiff has not alleged facts showing that any named defendant was aware that McClaughen would be escorted in a manner that substantially risked plaintiff being kicked in the head.

VI. Conclusion

Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is granted. The court shall grant plaintiff time until October 27, 2019 to show cause why the court should not dismiss this action or to file an amended complaint which corrects the deficiencies outlined in this order. An amended complaint should be written on the forms supplied by the court and should contain all the claims upon which plaintiff seeks to proceed. The amended complaint should not refer to the original complaint.

**IT IS SO ORDERED.**

Dated this 27th day of September, 2019, at Topeka, Kansas.

s/Sam A. Crow\_ _____
Sam A. Crow, U.S. District Senior Judge